UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN FRANK TRENT, | ) | Case No. 5:06CV2422 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE PETER C. ECONOMUS |
| vs. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| JULIUS WILSON, Warden, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | OF MAGISTRATE JUDGE |

On October 6, 2006, Allen Frank Trent ("Petitioner"), a prisoner in state custody at the Richland Correctional Institution in Mansfield, Ohio, filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  Electronic Case Filing ("ECF") Dkt. #1.  He is seeking to overturn his state conviction by the Stark County Court of Common Pleas for possession of cocaine.  *Id.* at 1.  On November 14, 2006, the case was referred to the undersigned for a report and recommendation.  ECF Dkt. #5.  On February 22, 2007, Petitioner filed an addendum to his petition.  ECF Dkt. #9.  On March 8, 2007, Julius Wilson, the Warden of the Richland Correctional Institution, ("Respondent") filed a return of writ.  ECF #10.  On March 23, 2007, the undersigned denied Petitioner's motion for appointment of counsel.  ECF Dkt. #14.  On April 2, 2007, Petitioner filed a traverse.  ECF Dkt. #15.

The undersigned recommends that the Court deny the petition because Petitioner has procedurally defaulted his claims and his claims otherwise lack merit.

**I.**     **FACTUAL BACKGROUND/PROCEDURAL HISTORY**

On July 12, 2004, the Stark County Grand Jury issued an indictment charging Petitioner

1

with possession of cocaine in violation of Ohio Revised Code §2925.11(A)(C)(4)(d).  ECF

Dkt. #10, Attach. #2, Ex. 1 at 1.  On October 7, 2004, Petitioner appeared at a jury trial on the

indictment.  Tr. Vols. I-II.  The Ohio Fifth District Court of Appeals would later issue a journal

entry and order summarizing the evidence elicited at trial:

> On June 11, 2004, officers with the Adult Parole authority (APA) conducted a parole search at the Stark Metropolitan Housing Authority (SMHA) residence located at 1802 Regent N.E., Apt. C, City of Canton, Stark County, Ohio. The residence was leased to Bilon Dixon (Bilon). Before conducting the parole search, the APA had information that [Petitioner] was not living at the address he gave the APA. Officers had information that [Petitioner], a parolee, was staying at that residence. [Petitioner] was on parole via an interstate compact with Michigan and was being supervised in Stark County.

> At approximately 7:30 a.m., APA officers Terry Price (Price) Steve Doss (Doss), and Dawn Porter (Porter) went to the apartment with SMHA security officers Paul Kelly (Kelly), and Kirk Shewning (Shewning). Bilon gave officers consent to enter and search the apartment.

> When officers entered the apartment they found [Petitioner] in bed with a female named Tawanna Dickson (Tawanna). [Petitioner] was immediately handcuffed and secured by Doss. On the floor of the bedroom, Price located a bag that contained crack-cocaine, a "do-rag" and hair-care products commonly used by African-American males. [Petitioner] was the only African-American male in the residence at the time. The "do-rag" was similar to those [Petitioner] often wore to Porter's office.

> The parole officers called for assistance from Detective Joseph Mongold (Mongold) with the Canton Police Department Criminal Intelligence Vice Unit. When he arrived Mongold learned Price and Doss had found crack-cocaine in the close proximity to [Petitioner]. When Mongold spoke with [Petitioner], [Petitioner] denied the crack was his.

> In addition to the crack-cocaine that was found near [Petitioner], officers located more crack-cocaine at a different bedroom. The second bedroom was identified as Bilon's bedroom.

> When Kelly advised Bilon that they had found drugs in her apartment and that SMHA intended to pursue an eviction, Bilon denied the cocaine was hers. Bilon, however, did admit to the ownership of some marijuana the officers had found. While Kelly spoke with Bilon, [Petitioner] interjected and stated in pertinent part, "Hold on

2

*** this ain't none of her shit*** all this shit here is mine." Despite his admission to possessing the crack-cocaine, [Petitioner] denied that the marijuana was his. Both Kelly and Shewning were present when [Petitioner] made this unsolicited admission.

ECF Dkt. #10, Attach. 3, Ex. 7 at 1-3.

In addition to the above facts, Petitioner notes that Price testified "[the APA] had been getting information that Mr. Trent had been involved in ... trafficking," and that Porter testified "Complaints had been made that there were police reports with Mr. Trent involved in negative or illegal activity..." ECF Dkt. #10, Attach. 2, Ex. 5 at 4-7;  Tr. Vol. I at 174-75.  Petitioner further notes that the prosecution made over 14 references to the fact that the APA found Petitioner in bed with a nude 17 year old female minor.  ECF Dkt. #1 at 4; #9 at 1-3.

A jury convicted Petitioner of possession of cocaine.  ECF Dkt. #10, Attach. 2, Ex. 2 at 1-2; Tr. Vol. II at 5-6.  The trial court sentenced Petitioner to serve a mandatory seven year prison term, a mandatory $7,500 fine, and a five year driver's license suspension.  ECF Dkt. #10, Attach. 2, Ex. 2 at 3; Tr. Vol. II at 22-23.

**A. Petitioner's Direct Appeal**

On November 29, 2004, Petitioner, through appellate counsel, moved for leave to file a delayed appeal with the Ohio Fifth District Court of Appeals.  ECF Dkt. #10, Attach. #2, Ex. 3 at 1.  The Court of Appeals granted the motion.  *Id*. at Ex. 4 at 1.  During this initial appeal, Petitioner presented two assignments of error:

I.  The trial court erred in allowing other acts evidence in violation of evidence rule 404(b) thereby denying appellant a fair trial; and

II.  The jury verdict finding appellant guilty of possession of cocaine was against the manifest weight of the evidence in violation of the due process clause of the United States constitution.

*Id*. at Ex. 5 at iii.  With regard to the first assignment of error on the initial appeal, Petitioner

3

argued that the judge erred in admitting statements indicating Petitioner's involvement in trafficking and other illegal activity. *Id*. at Ex. 5 at 4-8. Petitioner asserted that Ohio Rule of Evidence 404(B) prohibited such testimony at a trial for possession of cocaine. *Id*. at Ex. 5 at 8. Petitioner further argued that the error could not be cured by a limiting instruction. *Id*. In arguing his first assignment of error, Petitioner did not articulate any federal constitutional rights that the alleged error violated. *Id*. at Ex. 5 at 3-8. Additionally, Petitioner cited only case law interpreting the Ohio Rules of evidence; he cited no case law pertaining to any constitutional rights. *Id*. With regard to the second assignment of error, Petitioner argued that the State had presented inconsistent evidence, namely the testimony by the APA agents, which made the jury's determination of guilt contrary to the manifest weight of the evidence. *Id*. at Ex. 5 at 9-11.

The Ohio Fifth District Court of Appeals affirmed Petitioner's conviction. ECF Dkt. #10, Attach. 3, Ex. 7 at 1. The appellate court held that the trial court erred in allowing testimony regarding allegations of drug trafficking. *Id*. at Ex. 7 at 6. The appellate court found, however, that the error was harmless because there was "no reasonable probability this evidence actually contributed to the accused [sic] conviction." *Id*. The appellate court also held that the trial court did not err in admitting the statement that Petitioner was "involved in negative or illegal activity" because that statement explained the background of the APA's investigation. *Id*. The Ohio Court of Appeals dismissed Petitioner's second assignment of error, holding that the jury's finding of guilt was not against the manifest weight of the evidence because the state had introduced sufficient evidence to allow a reasonable juror to find that petitioner had domain and control over the cocaine. *Id*. at Ex. 7 at 7-11. Further, the

4

court found that there was no basis for concluding that the jury had lost its way in reaching a guilty verdict.  *Id*. at 11.

**B. Petitioner's First Appeal to the Supreme Court of Ohio**

      Petitioner filed an appeal in the Supreme Court of Ohio presenting one assignment of error:

    I.     The allowance of irrelevant and non-factual evidence/testimony by the trial court, in contravention of Evidence Rule 404(b), was prejudicial and not curable by the trial court's contemporaneous cautionary instruction.

*Id*. at Ex. 8 at 4.  Petitioner argued that the admission of the statements, "appellant was involved in trafficking," and "appellant was involved in negative or illegal activity," deprived him of "the integrity each trial must possess pursuamt [sic] to the U.S. constitution," and they "destroyed the presumption of innocence guaranteed by the U.S. and Ohio constitutions."  *Id*. at Ex. 8 at 4-6.  The Ohio Supreme Court denied leave to appeal and dismissed the appeal because it did not involve a substantial constitutional question.  ECF Dkt. #10, Attach. 4, Ex. 10 at 1.

**C. Petitioner's Rule 26(B) Motion to Reopen his Appeal**

      On January 27, 2006, Petitioner, *pro se*,  filed a motion to reopen his appeal pursuant to Ohio Rule of Appellate Procedure 26(B) ("Rule 26(B) motion").  ECF Dkt. #10, Attach. 4, Ex. 11.  Petitioner presented one assignment of error:

    I.     Defendant was denied the effective assistance of counsel by trial counsel's failure to prevent the disclosure of evidence of Tawana Dixon's age.

*Id*. at Ex. 11 at 2.  Petitioner alleged that trial counsel failed to object to more than 13 statements indicating that he was found in the company of a nude 17 year old minor.  *Id*. at Ex.

11 at 3.  Petitioner contended that the statements were inadmissible pursuant to Ohio Rule of

Evidence 404(b) because the evidence possessed no probative value and was presented only to

attack his character.  *Id*.  Petitioner's Motion and Memorandum in Support indicates his appeal

was based solely on appellate counsel's ineffectiveness for failing to raise trial counsel's

ineffectiveness, not on the independent claim that trial counsel was ineffective:

> Appellant alleges that his *counsel on appeal rendered ineffective assistance... Id*. at Ex.
> 11 at 1. (Emphasis added.)
>
> ... Appellant was denied a meaningful appeal *during his first appeal of right*.  *Id*. at Ex.
> 11 at 2. (Emphasis added.)
>
> ... but for counsel's unprofessional errors, the result of the proceeding would have been
> different, i.e., *direct appeal*.  *Id*. (Emphasis added.)
>
> ... *Appellant presents his case of ineffective assistance of counsel during his direct
> appeal* under the established "two-prong" deficiency-prejudice test.  *Id*. (Emphasis
> added.)
>
> Appellant's *legal representation during his direct appeal was ineffective... Id*.
> (Emphasis added.)
>
> *Appellate counsel* should have immediately recognized trial counsel's ineffectiveness in
> failing to ensure that the age of Tawana Dixon (the female Appellant was in bed with at
> the time of his arrest) was not disclosed to the jury.  *Id*. at Ex. 11 at 3. (Emphasis
> added.)
>
> ... *appellate counsel* should have recognized such incompetence and brought it to this
> Court's attention.  *Id*.  (Emphasis added.)
>
> *Appellant was prejudiced by appellate counsel's* failure to recognize trial counsel's
> obvious ineffectiveness in failing to prevent the disclosure of Tawana Dixon's age
> during trial, and raising such a meritorious argument.  *Id*. at Ex. 11 at 4. (Emphasis
> added.)
>
> Wherefore, *based upon the ineffectiveness of appellate counsel* for failing to recognize
> and argue such a meritorious error, appellant asks this court to grant his application...
> *Id*.  (Emphasis added.)

Furthermore, Petitioner cites *Evitts v. Lucy*, 105 S.Ct. 830 (1985) for the proposition that a defendant has a federal constitutional right to effective assistance of appellate counsel. *Id*. at Ex. 11 at 2.  Nowhere in Petitioner's motion to the Court of Appeals or in his Memorandum in Support does Petitioner ask for relief directly based upon trial counsel's ineffectiveness.  *Id*. at Ex. 11.  In a section heading, Petitioner alleges, "Defendant was denied the effective assistance of counsel by trial counsel's failure to prevent the disclosure of evidence of Tawana Dixon's age."  *Id*. at Ex. 11 at 2. That section, however, is entirely devoted to analyzing the efforts of appellate counsel, and it concludes with a request to reopen the appeal based upon appellate counsel's ineffectiveness.  *Id*. at Ex. 11 at 2-4.

On February 9, 2006, the Ohio Fifth District Court of Appeals denied Petitioner's motion to reopen the direct appeal.  ECF Dkt. #10, Attach. 5, Ex. 13 at 6.  The court analyzed appellate counsel's performance under the two-pronged standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  The Ohio Court of Appeals noted that the U.S. Supreme Court has stated it is important for appellate counsel to "winnow out weaker arguments on appeal and focus on one central issue if possible, or at most on a few key issues."  ECF Dkt. #10, Attach. 5, Ex. 13 at 4, citing *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983).  The Ohio Court of Appeals further noted that, in *Smith v. Murray*, 477 U.S. 527, 536 (1986), the U.S. Supreme Court deemed the ability to discern worthy claims from unworthy ones as the "hallmark of effective appellate advocacy."  *Id*.  Only when the ignored issues are clearly stronger than those presented will the presumption of effective assistance of counsel be overcome.  *Id*. at Ex. 13 at 7, citing *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).  The Ohio Court of Appeals stated that the argument to which Petitioner pointed in his Rule 26(B) motion

7

was factually and legally week.  *Id*. at Ex. 13 at 5.  The court further stated that, even if

appellate counsel had fallen below the objective standard of reasonable representation for

failing to raise the argument, the errors Petitioner alleged were  "harmless beyond a reasonable

doubt."  *Id*.  The court reasoned that "the age of the witness with whom appellant was found in

bed at the time of his arrest, is of no value and would not have changed the result of appellant's

trial."  *Id*.  Consequently, the Ohio Court of Appeals denied Petitioner's motion to reopen the

direct appeal.  *Id*. at Ex. 13 at 6.

**D. Petitioner's Second Appeal to the Supreme Court of Ohio**

On March 23, 2006, Petitioner filed a second appeal with the Supreme Court of Ohio

presenting one assignment of error:

> I.     The Appellant was *deprived of the effective assistance of counsel during his
> trial and his constitutional right to a fair and impartial trial* by counsel's failure
> to prevent the under legal age of the female he was in bed with at the time of his
> arrest from being introduced at his trial.

*Id*. at Ex. 14 at 4 (Emphasis added).  Although Petitioner was appealing the Ohio Court of

Appeals denial of his Rule 26(B) motion, which had been based on ineffective assistance of

appellate counsel, the foregoing assignment of error shows that he raised trial counsel's

ineffectiveness, not appellate counsel's ineffectiveness, to the Supreme Court of Ohio.

Petitioner asserted, "The United States and Ohio Constitutions grants [sic] a criminal defendant

the rights to the effective assistance of counsel, and the right to a fair and impartial trial."  *Id*.

Petitioner further asserted that his trial counsel should have taken preventative measures to

ensure that the age of Tawana Dixon did not become known to the jurors.  *Id*. at Ex. 14 at 5.

On May 24, 2006, the Supreme Court of Ohio dismissed Petitioner's appeal as not

involving any substantial constitutional question.  *Id.* at Ex. 16 at 1.

**E. Petitioner's Instant Petition for Writ of Habeas Corpus**

On October 6, 2006, Petitioner filed the instant petition for writ of habeas corpus

pursuant to 28 USC §2254.  ECF Dkt. #1.  Petitioner alleges two grounds for relief:

I.      Denial of effective assistance of counsel during trial in violation of 6th and 14th
        Amendments.

        **Supporting Facts:** Defense counsel failed to take the necessary steps or file
        appropriate motions to prevent the introduction of the age of the female
        Defendant was found in bed with during arrest.  The female was 17 years of age,
        and the prosecution continuously (14+ times) made reference to the females
        [sic] age and the fact that she was fully naked when caught in bed with
        Defendant.  Such disclosure of females [sic] age had a negative impact upon the
        jury, and called Defendant's moral character into question.

II.     Defendant was denied a fair trial due to evidence/testimony that was improperly
        admitted in violation of the 14th Amendment of US Const.

        **Supporting Facts:** During defendant's trial, the following statements were
        introduced before the jury; Appellant was involved in trafficking and Appellant
        was involved in negative and illegal activity.  These statements were deemed
        inappropriate and a cautionary instruction was given.  But, said instruction could
        not undo the damage such statements inflicted.  Said statements were prejudicial
        and irrelevant to the charges or facts of Defendant's charge.

III.    The cumulative impact of the aforementioned errors denied defendant of his
        right to a fair and impartial jury trial.

        **Supporting Facts:** The improper admission of the female's age and the
        statements "appellant was involved in trafficking" and "appellant was involved
        in negative and illegal activity" made it impossible fo the Defendant to have a
        fair trial solely upon the evidence and facts relevant to the charge.  Defendant
        did not take the stand so the admission of any evidence of his character or
        personal integrity was not permissible.

ECF Dkt. #1 at 4-5.  On November 14, 2006, the case was referred to the undersigned for a

report and recommendation.  ECF Dkt. #5.  On February 22, 2007, Petitioner filed an

addendum to his petition.  ECF Dkt. #9.  On March 8, 2007, Respondent filed a return of writ.

ECF Dkt. #10.  On March 23, 2007, the undersigned denied Petitioner's motion for

appointment of counsel.  ECF Dkt. #14.  On April 2, 2007, Petitioner filed a traverse.  ECF

Dkt. #15.

## II.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the

merits of a petition for a writ of federal habeas corpus.  As Justice O'Connor noted in *Daniels

v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning

procedural default and exhaustion of remedies, operate to limit access to review on the merits

of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S.

725, 731 (1993).

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of

limitations period for filing a petition for a writ of federal habeas corpus is one year, and it

begins to run on the date judgement became final.  28 USC § 2244(d)(1).  The AEDPA statute

of limitations is not an issue in this case.[1]  Respondent does, however, contend that Petitioner

has procedurally defaulted on both of the claimed grounds for relief.  ECF Dkt. #10 at 6.

---

[1]The Ohio Fifth District Court of Appeals entered judgment on Petitioner's initial appeal on October 31, 2005, and Petitioner filed the instant petition on October 6, 2006.  ECF Dkt. #10, Attach. 3, Ex. 7; ECF Dkt. #1.  Since the instant petition was filed less than one year after the judgment was finalized on direct appeal, no further analysis regarding the statute of limitations is necessary.

**B.  Exhaustion of State Remedies**

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus.  28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion requirement is satisfied  "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v.  Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986

11

F.2d 1506, 1516 (6th Cir.) cert. denied, 509 U.S. 907 (1993)(quotation omitted).

Unless an exception applies, the Court must dismiss a petition for lack of exhaustion if it contains at least one issue that was not presented to the state courts so long as a remedy is still available for the petitioner to pursue in the state courts. *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

## C. Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. However, when the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear

12

statement to the contrary.  *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-

pronged analysis to determine whether a claim has been procedurally defaulted.  *Maupin v.*

*Smith*, 785 F.2d 135 (6th Cir. 1986).  Under the *Maupin* test, a reviewing court must decide:

> (1)    whether the petitioner failed to comply with an applicable state procedural rule;
>
> (2)    whether the state courts actually enforced the state procedural sanction;
>
> (3)    whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and
>
> (4)    if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

As set forth in the last factor of the *Maupin* test, a claim that is procedurally defaulted in

state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate

cause for the default and actual prejudice as a result of the alleged violation of federal law, or

that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*,

501 U.S. at 751.  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm

resulting from the alleged constitutional violation.  *Magby v. Wawrzaszek*, 741 F.2d 240, 244

(9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985).  If a petitioner fails to show cause for his

procedural default, the reviewing court need not address the issue of prejudice.  *Smith v.*

*Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims

> that were evaluated on the merits by a state court. Claims that were not so
> evaluated, either because they were never presented to the state courts (i.e.,
> exhausted) or because they were not properly presented to the state courts (i.e.,

13

were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D.Ohio, 2004). The above standards apply to the Court's review of Petitioner's claims.

### III.    STANDARD OF REVIEW

        If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 6, 2006, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

        If a habeas petitioner overcomes the procedural obstacles as described in the foregoing section, the AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

        (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

                (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or

                (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the

language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.; see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

A. Decisions of lower federal courts may not be considered.

B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C. The state court decision may be overturned only if:

    1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' or; The Supreme Court precedent must exist at the time of petitioner's direct appeal.

2.    the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

3.    'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

4.    the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable.  That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'  'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

## IV.    ANALYSIS

## A. Ground One: Ineffective Assistance of Trial Counsel.

### (i) Petitioner has no available remedies in the state court.

Although neither Party has addressed exhaustion of available remedies, Ohio Revised Code §2953.21 provides a potential remedy for post conviction relief in state courts that Petitioner has not pursued.  Further analysis shows that such a petition for post conviction

relief would have been futile and is consequently not detrimental to his case. In the case at bar, Petitioner clearly asserts ineffective assistance of trial counsel as the basis for his claim. ECF Dkt. #1 at 4. Although Petitioner filed multiple appeals with the Ohio Court of Appeals and the Supreme Court of Ohio , he does not allege having filed a petition for post conviction relief in an Ohio state court. On its face, Ohio Revised Code §2953.21 ("O.R.C. §2953.21") permits a defendant to file such a petition. The Supreme Court of Ohio , however, has interpreted O.R.C. §2953.21 to mean that a defendant may file a petition for post conviction relief based upon deprivation of assistance of trial counsel *except* in a case where the defendant was represented by different counsel on direct appeal than he had at trial because *res judicata* applies in those cases. *State v. Gover*, 645 N.E.2d 1246, 1248-49 (Ohio 1995); *State v. Cole*, 443 N.E.2d 169, 171 (Ohio 1982). Petitioner has not raised the issue of ineffective assistance of trial counsel in a state court petition for post conviction relief. Since a different lawyer represented Petitioner on his direct appeal than the one who had represented him at trial, the Ohio Supreme Court's ruling in *Cole* would apply, making a petition for post conviction relief under O.R.C. §2953.21 frivolous. Therefore, Petitioner's failure to pursue the remedy is not detrimental to the instant case. *See Fields v. Bagley*, 275 F.3d 478, 482-83 (6th Cir. 2001); *Tuggle v. Seabold*, 806 F.2d 87, 91 (6th Cir. 1986).

In addition to his failure to file a petition for post conviction relief, Petitioner has not raised the issue of ineffective assistance of trial counsel as an independent basis for relief to the appropriate state court, the Ohio Court of Appeals. His failure to raise the issue to the Court of Appeals during his initial direct appeal acts to bar his claim in the state courts under the doctrine of *res judicata*. *See Gover*, 645 N.E.2d at 1248-49; *Cole*, 443 N.E.2d at 171; *see also*

*infra* Section IV.(A)(ii). Despite Petitioner's shortcoming, his claim cannot be dismissed for failure to exhaust state remedies because he is procedurally barred from further pursuing state remedies. *See Gray v. Netherland*, 518 U.S. 152, 61 (1996); *Engle v. Isaac*, 456 U.S. 107, 125, n.5 (1982); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). The Supreme Court has held that the district court cannot dismiss a petition for failure to exhaust state court remedies if there is no remedy available for the petitioner to pursue in state courts because such a dismissal assumes that remedies are still available for the petitioner to pursue. *Id*.

**(ii) Petitioner's claim is barred by procedural default**.

Respondent asserts that Petitioner has procedurally defaulted his ineffective assistance of trial counsel claim by failing to raise the issue on his initial direct appeal. ECF Dkt. #10 at 10. Analysis of this case under the *Maupin* standard shows that Respondent is correct. Under the first prong of *Maupin*, it is clear that Petitioner has failed to comply with a state procedural rule because Ohio law provides that a failure to raise on appeal a claim that appears on the face of the record constitutes a procedural default under the doctrine of *res judicata*. *Wong* , 142 F.3d at 322 citing *Ohio v. Coyle*, 443 N.E.2d 169, 171 (Ohio 1982); *Ohio v. Perry*, 226 N.E. 2d 104, 105 (Ohio 1967). In Ohio, this rule specifically applies to ineffective assistance of trial counsel claims where a petitioner was represented by different counsel at trial and on appeal. *Gover*, 645 N.E.2d at 1248-49; *Cole*, 443 N.E.2d at 171. The Sixth Circuit Court of Appeals has upheld the Ohio courts' application of *res judicata* in these instances. In *Lott v. Coyle*, 261 F.3d 594, 606-13 (6th Cir. 2001), *cert. denied*, *Lott v. Bagley*, 534 U.S. 1147 (2002), the Sixth Circuit held that a procedurally defaulted claim is not resurrected for a merits review in the district court simply because it is raised as a basis for ineffective assistance of appellate

18

counsel. The *Lott* case is quite similar to the case at bar. In *Lott*, a defendant filed a direct appeal through counsel. *Id*. at 600-01. The direct appeal did not include an assertion that the defendant had completed a jury waiver form involuntarily. *Id*. at 606-07, 611, n. 5. The defendant first raised the issue as a factual basis for a Rule 26(B) motion to reopen the appeal due to ineffective assistance of appellate counsel. *Id*. at 611-12. The Ohio Court of Appeals denied the Rule 26(B) motion, as did the Supreme Court of Ohio. *Id*. at 600-02. This District Court, through an opinion by Judge O'Malley, denied the defendant's petition for a writ of habeas corpus. *Id*. The Sixth Circuit affirmed, stating that a petitioner's claim is procedurally barred if it has only been presented to the state courts as a factual basis for a claim of ineffective assistance of appellate counsel during a Rule 26(B) motion to reconsider an appeal. *Id*.

In the instant case, Petitioner has put forth the same type of argument as the petitioner in *Lott*. Petitioner was represented by counsel on direct appeal. Counsel did not raise the issue of ineffective assistance of trial counsel. Those facts, in addition to the Ohio's Supreme Court's use of *res judicata* to foreclose claims that could have been raised on initial appeal, necessitate the conclusion that Petitioner's ineffective assistance of trial counsel claim is procedurally barred in Ohio. Consequently, this Court should not grant the instant petition. *Wainwright*, 433 U.S. at 87.

Under the second prong of *Maupin*, the undersigned concludes that the Supreme Court of Ohio regularly enforces its procedural rule regarding failure to raise a claim on direct appeal. This Court has held that a petitioner procedurally defaults those claims that he fails to appeal to each level of the Ohio appellate courts: "In order to preserve his constitutional claims for

19

habeas corpus review, a habeas corpus litigant must raise each constitutional claim in the appropriate forum and present those claims all the way through the Ohio courts." *Richter v. Jeffreys*, No. 1:05 CV2 465, 2007 WL 2572250 at *14 (N.D.Ohio Aug. 31, 2007), unreported; *Gordon v. Bradshaw*, No. 1:04 CV 2299, 2007 WL 496367 at *13 (N.D.Ohio Feb. 12, 2007), unreported; *Hilton v. Anderson*, No. 5:05 CV 2010, 2006 WL 3423873 at *6 (N.D.Ohio Nov. 28, 2006), unreported, citing *Van Hook v. Anderson*, 127 F. Supp.2d 899, 913 (S.D. Ohio 2001). Consequently, this Court can conclude that the Ohio Supreme Court declined to hear Petitioner's appeal, in part, because he had failed to raise the issue of ineffective assistance of trial counsel on direct appeal.

Petitioner contends that his claim is not procedurally barred because the Ohio Court of Appeals issued an opinion addressing the merits of the case. ECF Dkt. #15 at 2. The *Lott* court rejected that precise argument, stating "that a court, in reviewing a claim of ineffective assistance of counsel, looks to the merits of the alleged error for purposes of determining the existence of Strickland prejudice is not dispositive of the question whether a procedurally defaulted claim has been resurrected." *Lott*, 261 F.3d at 611-12. Furthermore the Sixth Circuit in *Lott* cited this Court's opinion with approval:

> [T]he fact that the state courts engaged in that analysis, as they must under *Strickland*, does not, however, serve as evidence that those courts excused the procedural default. To hold otherwise would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel.

*Id*. Therefore, a state court's opinion on the merits of an ineffective counsel claim does not foreclose the Court from rejecting a claim as being procedurally barred.

Under the third prong of *Maupin*, it is clear that Ohio's procedural rule is an adequate and independent state ground for foreclosing federal review because the doctrine of *res judicata* is a complete bar to review. Moreover, Ohio's application of *res judicata* to claims of ineffective assistance of trial counsel is logical because appellate counsel, who is independent of trial counsel, can make a professional judgment as to whether a claim of ineffective assistance is worth pursuing. Furthermore, appellate counsel should be afforded deference in his decision to waive claims that are less worthy than the ones he ultimately chooses to litigate. *See Jones,* 463 U.S. at 746; *Smith*, 477 U.S. at 536; *Gray*, 800 F.2d at 646.

Lastly, under the fourth prong of *Maupin*, Petitioner has not made a claim of actual innocence or a claim of cause and prejudice for failing to comply with Ohio's procedural rule. A federal habeas petitioner can preserve a claim not raised in the state courts by asserting cause and prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614 (1998). Petitioner in this case does not assert his actual innocence and he does not raise the ineffectiveness of counsel as cause to excuse his procedural default of this claim.

Accordingly, the undersigned recommends that the Court dismiss Petitioner's first ground for relief from his petition with prejudice as Petitioner has procedurally defaulted this ground for relief.

**(iii) Petitioner's claim lacks merit.**

If the district court is convinced that the prisoner's petition lacks merit, it may deny the writ to prevent useless litigation. 28 U.S.C. § 2254(b)(2); *Lott*, 261 F.3d at 608.

In reviewing the merits of Petitioner's ineffective assistance of trial counsel claim, the Court must look to the last explained state court decision, which is that of the Ohio Court of

Appeals.  The AEDPA provides that this Court may not grant federal habeas corpus relief on claims adjudicated on the merits in state-court proceedings unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  "A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." *Brown v. Payton,* 125 S.Ct. 1432, 1438 (2005), citing *Williams v. Taylor, supra,* at 405; *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002)*(per curiam).*  A state-court unreasonably applies United States Supreme Court clearly established precedents if it applies the Court's precedents to the facts in an objectively unreasonable manner. *Payton,* 125 S.Ct. at 1432, citing *Williams, supra,* at 405, 120 S.Ct. 1495 and *Woodford v. Visciotti,* 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) *(per curiam).*  "In order for a federal court to find a state court's application 'unreasonable,' the state court's decision must have been more than incorrect or erroneous[;][it] must have been 'objectively unreasonable.' " *Wiggins v. Smith,* 539 U.S. 510, 520, 123 S.Ct. 2527 (2003) citing *Lockyer v. Adrade,* 538 U.S. 63, 76, 123 S.Ct. 1166(2003); *Williams,* 529 U.S. at 409, 120 S.Ct. 1495.

In *Strickland*, the Supreme Court held that, in order to establish the ineffective assistance of trial counsel, a defendant must show deficient performance by counsel and that the deficiency prejudiced the defense.  466 U.S. at 687.  In order to establish deficient performance, a defendant must demonstrate that counsel's representation "fell below an

objective standard of reasonableness." *Id.* at 688. After establishing deficient performance, a defendant must show that the deficient performance prejudiced his defense, that is, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.  It is insufficient for a defendant to show merely that the errors had some conceivable effect on the outcome of the proceeding as every action or inaction of counsel could have such an impact. *Id.* at 693.  He must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694-695.  While a petitioner bears the burden of establishing both deficient performance and prejudice, the court need not conduct an analysis under both prongs and may dispose of a claim based on a failure to carry either burden. *Id*. at 697; *Baze v. Parker*, 371 F.3d 310, 321 (6th Cir. 2004).

The undersigned recommends that the Court find that the appellate court's decision was not contrary to federal law or an unreasonable application thereof.  Here, Petitioner's underlying allegation is that his trial counsel unreasonably failed to object to statements regarding Tawana Dixon's age.  Assuming the statements were inadmissible under the Ohio Rules of Evidence and that trial counsel's performance fell below an objective standard of reasonableness, Petitioner's claim should fail because he has not established prejudice.  At trial, the state introduced an overwhelming amount of evidence against Petitioner:

1.  APA officers found a bag containing cocaine in the bedroom where they located Petitioner. Tr. at 182-83, 188-89, 208.
2.  The bag containing the cocaine also contained a "do-rag" and hair-care products commonly used by African-American males.  Petitioner was the only African-American male in the residence at the time, and the "do-rags" were

23

similar to those that Petitioner wore to his probation officer's office.  Tr. at 183-86, 210, 211.

3.  When the SMHA threatened to evict Bilon Dixon from her apartment, Petitioner stated, "Hold on *** this ain't none of her shit*** all this shit here is mine," or "Everything is mine."  Tr. at 224-28, 231, 232, 280-81, 283.

As the Fifth District Court of Appeals stated, Ohio law provides that a defendant may be convicted of possession of cocaine based on actual or constructive possession.  *State v. Trent*, No. 2004CA00360, 2005 WL 2857733 at *4 (Oct. 31, 2005) citing *State v. Haynes*, 267 N.E.2d 787 (Ohio 1971); *State v. Hankerson*, 434 N.E.2d 1362 (Ohio 1982).   Additionally, circumstantial evidence that a defendant was located in very close proximity to readily usable drugs may show constructive possession.  *Id*. citing *State v. Barr*, 86 Ohio App.3d 620 N.E.2d 242, 247-248 (Ohio 1993); *State v. Morales*, 5 Dist. No.2004 CA 68, 2005-Ohio-4714 at ¶ 50; *State v. Moses*, 5 Dist. No.2003CA00384, 2004-Ohio-4943 at ¶ 9.  Applying Ohio substantive law to the evidence adduced at trial, it is evident that the state introduced evidence sufficient to support Petitioner's conviction.  Aside from asserting that he was prejudiced by the admission of Tawana Dixon's age into testimony, Petitioner points to no other evidence indicating that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Therefore, the Court is left to speculate as to whether the jury's verdict would have been different if trial counsel had objected and if the court had excluded the evidence.  The Sixth Circuit has held that, when the Court is left with pure speculation on whether the outcome of the trial could have been any different, the petitioner has not made a sufficient showing of prejudice.  *Baze*, 371 F.3d at 322.  For these reasons, if the Court should determine Petitioner has not procedurally defaulted his claim, then the undersigned recommends that the Court deny Petitioner's claim due to a lack of merit.

24

**B. Ground Two: Denial of a 'Fair Trial' due to Improper Admission of Evidence.**

    **(i) Petitioner has no available remedies in the state court.**

    Although Petitioner has not fairly presented his claim to the state courts, the Court cannot dismiss his case for failure to exhaust state remedies because Petitioner has no available state remedies remaining. *See Gray*, 518 U.S. at 61; *Engle*, 456 U.S. at 125, n.5; *Castille*, 489 U.S. at 351. Since Petitioner is proceeding *pro se*, he is entitled to a less stringent interpretation of his pleadings than if he were represented by counsel. *Estelle v. Gamble*, 429 U.S. (1976). Even at that less stringent standard, Petitioner is required to have fairly presented his claim to the highest court by: (1) relying upon federal cases employing constitutional analysis; (2) relying upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Clinkscale*, 375 F.3d at 437; *McMeans*, 228 F.3d at 679-82 (dismissing a *pro se* litigant's petition because "[h]e did not cite any federal precedent and his appellate brief only alleges that the trial judge's limitation on cross-examination denied him a 'fair trial' and 'due process.'") In Petitioner's direct appeal, he did not assert any constitutional violations, cite any case law employing constitutional analysis, or allege facts within mainstream constitutional law. *See* ECF Dkt. #10, Attach. #4, Ex. 11. He alleged only an error in the trial court's application of a state rule of evidence. *Id*.

    As with Petitioner's first ground for relief, Petitioner has no available state remedy under the state's post-conviction relief statute, O.R.C. 2953.21. Petitioner had an available potential remedy, but he is procedurally barred from filing a petition because he has failed to

file a petition for post-conviction relief within 180 days of the date on which the trial

transcripts were filed in the court of appeals.  O.R.C. 2953.21(A)(2).  Since Petitioner is

procedurally barred from further pursuing state remedies his claim cannot be dismissed for

failure to exhaust state remedies.  *See Gray*, 518 U.S. at 61; *Engle*, 456 U.S. at 125, n.5;

*Castille*, 489 U.S. at 351.

**(ii) Petitioner's claim is barred by procedural default.**

Petitioner's second ground for relief is barred under the doctrine of *res judicata* because

he did not raise deprivation of a constitutional right as a basis for relief when he appealed the

trial court's evidentiary rulings to the Ohio Court of Appeals.  *See Wong* , 142 F.3d at 322

citing *Coyle*, 443 N.E.2d at 171; *Perry*, 226 N.E.2d at 105; *Van Hook*, 127 F. Supp.2d at 913.

Since the instant claim based upon constitutional rights is procedurally barred in Ohio state

courts, and again Petitioner has made no showing of cause and prejudice, this Court should

deny the instant petition on the basis of procedural default.  *Wainwright*, 433 U.S. at 87.

**(iii) Petitioner's claim lacks merit.**

Petitioner's second ground for relief lacks merit because state evidentiary rulings do not

rise to the level of a federal due process violation unless they offend a principle of justice so

rooted in the traditions and conscience of our people as to be ranked as fundamental.  *Bugh v.

Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) citing *Seymour v. Walker*, 224 F.3d 542, 552 (6th

Cir. 2000); *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).  In *Bugh*, the Sixth Circuit stated,

"There is no clearly established Supreme Court precedent which holds that a state violates due

process by permitting propensity evidence in the form of other bad acts evidence."  Therefore,

Petitioner's claim that the trial court's error in admitting statements in violation of Ohio Rule

of Evidence 404(B) is not well-founded.  For these reasons, if the Court should determine Petitioner has not procedurally defaulted his claim, then the undersigned recommends that the Court deny Petitioner's claim due to a lack of merit.

**C. Ground Three: Cumulative Error.**

Since Petitioner has not raised the issue of ineffective assistance of trial counsel or the issue of a deprivation of a constitutional right based on improperly admitted evidence, Petitioner's claim of cumulative error must also be procedurally barred.  Moreover, the Sixth Circuit has concluded that the U.S. Supreme Court has never held cumulation of constitutional claims to be a basis of habeas corpus relief.  *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002).  Therefore, a state court's denial of relief based upon cumulative error is not contrary to Supreme Court precedent, and the Court may not grant a petition for habeas corpus based upon cumulative error.  28 U.S.C. § 2254(d)(1).

**V.  CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that this Court dismiss all of Petitioner's Grounds for Relief as procedurally defaulted and therefore dismiss his §2254 federal habeas corpus petition with prejudice.


*s/George J. Limbert*
George J. Limbert
United State Magistrate Judge
Dated: 9/21/2007


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the

specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).